UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS QUIN BUTLER, #02353422 § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> DIRECTOR, TDCJ-CID, § <br> § <br> Respondent. § | CIVIL CASE NO.  3:23-CV-2768-B-BT |

# MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Marcus Quin Butler's amended *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 7. Upon review, the petition is summarily **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.[1]

In 2014, Petitioner pled guilty to sexual assault and stalking and was sentenced to three years imprisonment. Doc. 7 at 2; *State v. Butler*, Nos. F12-60367, F12-71819 (Crim. Dist. Court No. 5, Dallas Cnty., Feb. 5, 2014).

On November 28, 2023, he filed a document that the court construed as an application for federal habeas relief under 28 U.S.C. § 2254. Doc. 3. The Court issued a notice and order of deficiency (NOD) requiring Petitioner to file his application on the court-approved form. On March 1, 2024, Petitioner filed an amended federal habeas petition on the court-approved form attacking his 2014 sexual assault and stalking convictions. Doc. 7 at 2. He claims that the convictions are invalid because the indictments were deficient, because there was insufficient evidence to support

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

them, because the prosecutor engaged in misconduct, and because the Court gave erroneous jury instructions. *Id.* at 6-7. Petitioner also asserts that he satisfies the in-custody requirement because the 2014 convictions "could be used to impeach any future testimony he may give," may "enhance any subsequent conviction he may receive," deprive him of a clean criminal record, and require him to "register as a sex offender for life." *Id.*

Petitioner, however, is no longer in custody on his 2014 convictions. State records confirm that he discharged those convictions on September 11, 2015, and that he is now in TDCJ's custody based on a 2021 criminal conviction for violating a civil commitment requirement for which he was sentenced to eight years imprisonment.[2] *State v. Butler*, No. DCR-6063-20 (154th Jud. Dist. Ct., Lamb Cnty., June 23, 2021). Petitioner has also been involuntarily civilly committed as a sexually violent predator upon his release from prison. *See generally In re Commitment of Butler*, No. 05-19-01007-CV, 2021 WL 2525508 (Tex. App. – Dallas June 21, 2021, no pet.), aff'g No. CV-1870003-S (282d Jud. Dist. Ct. Dall. Cnty.).

The court thus lacks jurisdiction to consider Petitioner's § 2254 petition challenging his 2014 convictions in Nos. F12-60367 and F12-71810. Federal habeas corpus relief is available only for persons who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A habeas petitioner is not "in custody" when the sentence imposed for the challenged conviction has fully expired at the time the petition is filed as in this case. *Maleng v. Cook*, 490 U.S. 488, 490-91

---

[2]The court takes judicial notice of Petitioner's Inmate Information Details available at this link https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05759411 (last accessed Mar. 15, 2024), and TDCJ's *Commitment Inquiry* enclosed with the appendix to the State's response filed on October 22, 2022, in *Butler v. Lumpkin,* No. 1:22-cv-0098-C (N.D. Tex., Abilene Div.), Doc. 16 at 2 and Doc. 17 at 3-4.

(1989). And the collateral consequences of a conviction are not themselves sufficient to satisfy the "in custody" requirement. *Id.* at 492.

Therefore, Petitioner's habeas corpus petition is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO ORDERED** on March 15, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE